IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LINDSEY, | § | |
| TDCJ-CID #810110048, | § | |
| | § | |
| VS. | § | C.A. NO. C-10-364 |
| | § | |
| SERGEANT WHITE, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CERTAIN CLAIMS AND TO RETAIN ACTION**

This case was filed as a civil rights action by a state prisoner pursuant to 42 U.S.C.

§ 1983.

Under the Prison Litigation Reform Act, Pub. L. No.104-134, 110 Stat. 1321(1996)

("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint

is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief from a defendant immune from such relief.  See 42 U.S.C. § 1997e(c); 28

U.S.C. §§ 1915(e)(2), 1915A.  Plaintiff's action is subject to screening regardless whether

he prepays the entire filing fee or proceeds as a pauper.  Ruiz v. United States, 160 F.3d 273,

274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per

curiam), cert. denied, 527 U.S. 1041 (1999).  Plaintiff's *pro se* complaint must be read

indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be

accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez,

504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that the Court dismiss upon

plaintiff's own motion his claims against the Coastal Bend Detention Center, Captain Soto,

Sergeant White, and Officer Freeze.  It is respectfully recommended further that the Court retain plaintiff's excessive force claim against Warden Michael Stridel, and that service be ordered on this defendant.

## I.    Jurisdiction.

The Court has federal question jurisdiction.  28 U.S.C. § 1331.

## II.    Background and plaintiff's allegations.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division, and is currently incarcerated at the Bee County Jail in Beeville, Texas. He filed this action on November 15, 2010 complaining about the conditions at the Coastal Bend Detention Center (CBDC),[1] alleging that his cell temperature was unconstitutionally cold, the law library was inadequate, and that the showers were unsanitary.  He alleged further that excessive force was used against him.  He named as defendants the CBDC, Warden Michael Stridel, Captain Soto, Sergeant White, and Officer Freeze.

A Spears[2] hearing was conducted on December 22, 2010.  The following allegations were made in plaintiff's original complaint or at the hearing:

---

[1] The CBDC is owned and operated by LCS Services, Inc., a private corporation that provides correctional housing and services to states.  The Fifth Circuit has determined that "private prison-management corporations [like LCS Services] and their employees can be sued under § 1983 by a prisoner who has suffered a constitutional injury."  Rosborough v. Management & Training Corp., 350 F.3d 459, 460 (5th Cir. 2003) ("[u]nder the Supreme Court's 'public function' test, a private entity acts under color of state law "when that entity performs a function which is traditionally the exclusive province of the state.").

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

On November 4, 2010, plaintiff was transferred from the Karnes County Jail to the CBDC. Captain Soto assigned him to a single-man "separation" or "sep" cell with little or no privileges because of disciplinary cases he received at the Karnes County Jail. The temperature in his sep cell was approximately 50 degrees. Plaintiff repeatedly requested that the heater be turned on, or that he be provided extra blankets or thermal underclothes. Numerous officers, including Officer Freeze, told him that the heater was on, and advised him that he could buy an extra blanket and thermal clothing at the commissary. Plaintiff had no money at the time and could not buy these additional items. Instead, plaintiff attempted to block the air vent in his cell with toilet paper. In addition, plaintiff filed numerous I-60s and grievances to the maintenance department and to other CBDC officials.

On November 14, 2010, Sergeant White advised plaintiff that he would be escorted to medical. When he exited his cell, plaintiff saw that Officer Freeze would be escorting him. Plaintiff told Sergeant White that he did not want Officer Freeze to escort him because Officer Freeze had previously filed a false disciplinary case against him, that was dismissed. However, plaintiff relented and Officer Freeze escorted plaintiff to medical. At the infirmary, no doctor was available, and Sergeant White and Officer Freeze decided that plaintiff should return to his cell. Plaintiff's back was hurting due to his degenerative disc disease, and he told the officers he wanted to wait for the doctor, and he sat down. Sergeant White and Officer Freeze used force to get plaintiff back to his cell, hurting plaintiff's wrists.

On November 17, 2010, plaintiff was in the recreation yard, in restraints. When it was time to return to his cell, plaintiff refused. Officers suited up for a use of force, and Warden

3

Stridel came to the yard.  Warden Stridel yelled and cursed at plaintiff.  Plaintiff asked

Warden Stridel to not speak to him in such a manner, and Warden Stridel responded that, if

plaintiff said one more word, he would pepper spray him.  Plaintiff spoke again and Warden

Stridel sprayed him twice in the face with pepper spray.  Although plaintiff was permitted

to wash his face briefly following the incident, the water in his cell was then turned off for

the next three days.

On November 23, 2010, plaintiff was transferred to the Bee County Jail.

At the December 22, 2010 evidentiary hearing, plaintiff testified that he no longer

wanted to sue Sergeant White or Officer Freeze concerning the November 14, 2010 use of

force acknowledging that the event was attributable to "rising tempers" and that he had since

spoken with these defendants and did not want to pursue these claims. In addition, plaintiff

testified that he did not want to sue Captain Soto for assigning him to a sep cell, nor did he

wish to sue the CBDC for unconstitutional conditions of confinement.  Plaintiff's single

remaining claim is his one of excessive force against Warden Stridel for the November 17,

2010 pepper spray incident.

## III.    Discussion.

### A.    Legal standard.

Plaintiff's action may be dismissed for failure to state a claim upon which relief can

be granted despite his failure to exhaust administrative remedies.  42 U.S.C. § 1997e(c)(2).

The Supreme Court has held that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must

allege the violation of a right secured by the Constitution and laws of the United States, and

4

must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988)(per curiam) (citations); accord Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. Id.

**B.    Dismissal on plaintiff's own motion.**

Plaintiff moves to dismiss his claims against the CBDC, Captain Soto**,** Sergeant White and Officer Freeze.

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, a plaintiff may voluntarily dismiss his claims against a defendant that has not yet been served or filed an answer. See Fed. R. Civ. P. 41(a). Moreover, the very purpose of § 1915A screening is to evaluate claims before engaging in the cost of service, and plaintiff has stated his desire to abandon his claims against all defendants, save and except Warden Stridel. Accordingly, it is respectfully recommended that the Court grant plaintiff's motion to voluntarily dismiss his claims against the CBDC, Captain Soto, Sergeant White, and Officer Freeze.

**C.    Excessive force.**

Plaintiff claims that Warden Stridel used excessive force against him on November 17, 2010, when he pepper sprayed plaintiff in the face.

5

To state a claim for excessive force, plaintiff must show that the force was not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm, and that the injury he suffered was more than *de minimis,* but not necessarily significant.  See Hudson v. McMillian, 503 U.S. 1, 6, 10 (1992); Gomez v. Chandler, 163 F.3d 921, 923-24 (5th Cir. 1999); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).  The factors to be considered are (1) the extent of the injury suffered; (2)  the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any effort made to temper the severity of a forceful response.  Gomez, 163 F.3d at 923.

Taking plaintiff's allegations as true, he has stated a claim of excessive force against Warden Stridel.  Plaintiff testified that, although he had indeed earlier refused to exit from the rec yard, he was in restraints and speaking politely to the warden.  According to plaintiff, he posed no physical threat to Warden Stridel, yet Warden Stridel decided to spray him with pepper spray twice in his face.  Plaintiff testified that the incident was recorded on video and it will demonstrate that the force employed was excessive in relation to the situation.  Thus, it is respectfully recommended that the Court retain plaintiff's excessive force claim against Warden Stridel.

## V.   Recommendation.

For the reasons stated above, it is respectfully recommended that the Court grant plaintiff's oral motion to dismiss voluntarily his claims against the CBDC, Captain Soto, Sergeant White, and Officer Freeze.  It is further respectfully recommended that the Court

retain plaintiff's excessive force claim against Warden Stridel, and that service be ordered on this defendant.

Respectfully submitted this 29th day of December, 2010.

_____

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE


### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).