IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LINDSEY, | § | |
|    TDCJ-CID #810110048, | § | |
| | § | |
| VS. | § | C.A. NO. C-10-364 |
| | § | |
| SERGEANT WHITE, ET AL. | § | |

## MEMORANDUM AND RECOMMENDATION
## ON DEFENDANT'S MOTION TO DISMISS

Plaintiff is a federal prisoner currently confined at the Federal Correctional Institution in Beaumont, Texas. Proceeding *pro se* and *in forma pauperis*, he filed this civil rights action complaining that, while he was in the custody of the Coastal Bend Detention Center (CBDC),[1] Warden Mike Stridel used excessive force against him in violation of his Eighth Amendment right to be free from cruel and unusual punishment. (D.E. 1).

Pending is Warden Stridel's Rule 12(b)(6) motion to dismiss for failure to exhaust administrative remedies and for attorney's fees. (D.E. 33-2, 33-1). Plaintiff has filed a response in opposition arguing that exhaustion should be excused because he was without any means to file a grievance because defendant instructed that all of his property be taken from him. (D.E. 36). In addition, plaintiff moves for appointment of counsel. Id.

---

[1] The CBDC is operated by LCS Corrections Services, Inc., a privately held corporation that contracts with state and federal agencies to house offenders. Private-prison management corporations, like LCS, and their employees may be sued under § 1983 by a prisoner who has suffered a constitutional violation. Rosborough v. Management & Training Corp., 350 F.3d 459, 460 (5th Cir. 2003).

For the reasons stated herein, it is respectfully recommended that the Court grant defendant's motion to dismiss, and that plaintiff's claims against Warden Stridel be dismissed with prejudice. Moreover, it is respectfully recommended that plaintiff's motion for appointment of counsel be denied as moot, and that defendant's motion for attorney's fees be denied..

## I.  Jurisdiction.

The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## II.  Procedural background.

Plaintiff arrived at the CBDC on November 4, 2010.

On November 15, 2010, plaintiff filed the instant lawsuit against the CBDC alleging that the conditions of confinement there were unconstitutional, including excessively cold temperatures, inadequate law library, and unsanitary showers. (D.E. 1).

On November 24, 2010, plaintiff filed an amended complaint to identify certain individual defendants, and, in addition, to raise two claims of excessive force. (D.E. 6).

A Spears[2] hearing was conducted on December 22, 2010, at which plaintiff orally moved to dismiss certain claims against certain defendants. Following the hearing, it was recommended that plaintiff's claim of excessive force against Warden Stridel be retained,

---

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

2

and that his remaining claims against the other defendants be dismissed.  (D.E. 24).  The Court adopted the recommendation.  (D.E. 34).

On November 23, 2010, plaintiff was transferred to the Bee County Jail.  (D.E. 9).

By notice dated December 29, 2010, plaintiff advised that he had been transferred to the Federal Detention Center in Houston.  (D.E. 29).

By notice dated February 3, 2011, plaintiff advised that he had been transferred to FCI-Beaumont.  (D.E. 32).

On February 8, 2011, Warden Stridel filed the instant motion to dismiss (D.E. 33), and on March 28, 2011, plaintiff filed his response in opposition.  (D.E. 36).

### III.    Plaintiff's allegations and defendant's motion to dismiss.

Plaintiff claims that, on November 17, 2010, he refused to return to his cell while in the recreation yard, and officers suited up for a use of force.  Thereafter, Warden Stridel entered the yard and yelled and cursed at him.  Plaintiff asked Warden Stridel to not speak to him in such a manner, and Warden Stridel responded that, if plaintiff said one more word, he would pepper spray him.  Plaintiff spoke again and Warden Stridel sprayed him twice in the face with pepper spray.  Although plaintiff was permitted to wash his face briefly following the incident, the water in his cell was then turned off for the next three days.

Warden Stidel moves to dismiss plaintiff's claims against him arguing that plaintiff has failed to exhaust his administrative remedies as provided by the CBDC.

3

## IV. Standard of Review.

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true. Oppenheimer v. Prudential Sec., Inc., 94 F.3d 189, 194 (5th Cir.1996). Dismissal is appropriate only if the factual allegations are insufficient to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

More recently, the Supreme Court expounded upon the Twombly standard and held that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009). In this regard, a review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir.2004). "If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." Hall v. Hodgkins, No. 08-40516, 2008 WL 5352000, *3 (5th Cir.2008).

## V. Discussion.

### A. Failure to exhaust administrative remedies.

Defendants move for summary judgment to dismiss plaintiff's claims on the grounds that he has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e.

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The exhaustion requirement applies to all inmate suits about prison life, whether involving general circumstances or specific incidents. Porter v. Nussle, 534 U.S. 516, 532 (2002); Clifford v. Gibbs, 298 F.3d 328, 330 (5th Cir. 2002). Moreover, a prisoner is required to exhaust his administrative remedies even if damages are unavailable through the grievance process. Booth v. Churner, 532 U.S. 731, 734 (2001); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). A prisoner must complete the administrative review process in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006). Because exhaustion is an affirmative defense, inmates are not required to plead or demonstrate exhaustion in their complaints. Jones v. Bock, 549 U.S. 199, 216 (2006). An inmate's failure to exhaust administrative remedies is sufficient to support dismissal of the inmate's lawsuit. Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007).

In his amended complaint, plaintiff admitted that he had not exhausted his administrative remedies by checking "no" in response to the question: "Have you exhausted both steps of the grievance procedure in this institution?' (See D.E. 6 at 2). It is on this basis that Warden Stridel moves for dismissal. (D.E. 33 at 2). Thus, on the face of his amended complaint, there is no dispute that plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a), and an appropriate remedy for failure to exhaust is dismissal. Carbe, 492 F.3d 325, 328 (5th Cir. 2007).

The Fifth Circuit has recognized that the exhaustion requirement may, in rare circumstances, be excused where dismissal would be inefficient or would not further the purposes of the PLRA. Underwood v. Wilson, 151 F.3d 292, 295 (1998). For example, exhaustion may be excused where irregularities in the prison administrative system itself prohibited the plaintiff from doing so. Id.; see also Shah v. Quinlin, 901 F.2d 1241, 1244 (5th Cir.1990). An administrative remedy is not available where prison officials ignore or interfere with the prisoner's pursuit of relief. Id. And see Holloway v. Gunnell, 685 F.2d 150, 154 (5th Cir. 1982).

In his response to the motion to dismiss, plaintiff states that, following Warden Stridel's alleged use of the chemical agent, he was placed in his cell and Warden Stridel instructed the officers "to remove all property" from his cell, leaving only the steel bunk. (D.E. 33 at 1). He states that he did not get his property back until Tuesday, November 23, and that he was then transferred the next day, Wednesday, November 24, the day before

Thanksgiving, to the Bee County Jail. Id. While he was traveling, his property was taken again, and it was not returned to him at the Bee County Jail. Id.

Despite plaintiff's protestations that he could not exhaust his administrative remedies because he had no property, his own pleadings suggest the contrary. Plaintiff's amended complaint is dated November 23, 2010, and he indicates that, at the time of its execution, he was at the CBDC. (See D.E. 6 at 4, 6). That is, plaintiff had both the necessary property and the ability to file his amended complaint on that date while at the CBDC. As such, there is no reason why he could not have filed a grievance on that date. Plaintiff does not suggest that he was ignorant of the CBDC grievance procedure, nor does he contend that any prison official misled him as to the grievance procedures, or actually prevented him from filing a grievance on that day.[3]

The fact that plaintiff was then transferred to different facilities does not excuse exhaustion. Indeed, if impediments to filing grievances render remedies unavailable at one facility, remedies may become available again once a prisoner has been transferred. See Dillon v. Rogers, 596 F.3d 260, 267-68 (5th Cir. 2010). Thus, the fact that plaintiff was moved to different facilities does not excuse exhaustion.

Proper exhaustion requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules. Woodford, 548

---

[3] Defendant's Exhibit B to his motion to dismiss demonstrates that plaintiff was provided a copy of the CBDC grievance policy and procedures.

U.S. 81, 89-93. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Id. at 83-84.

In this case, the CBDC grievance policy provides that an inmate has 15 days from the date of the incident complained of to file a grievance. (D.E. 33, Ex. A). Plaintiff contends that Warden Stridel used excessive force against him on November 17, 2010. On November 23, 2010, plaintiff executed his amended complaint, and he offers no reason why he could not have timely filed his grievance on that date. In fact, plaintiff had until December 2, 2010 to timely file a grievance concerning the November 17 incident with Warden Stridel. During that time, plaintiff successfully filed with this court, in addition to his amended complaint, a notice of change of address (D.E. 8), a motion to relocate motions (D.E. 10), and a motion for appointment of counsel. (D.E. 12). Plaintiff fails to explain how he had sufficient property to file pleadings with the court, but did not have the necessary property to file a grievance or otherwise exhaust his administrative remedies. Moreover, if he attempted to exhaust his administrative remedies at this time, his grievances would be rejected as untimely under the CBDC policy. Thus, plaintiff cannot exhaust properly his claims against Warden Stridel, and dismissal with prejudice is appropriate. See Underwood, 151 F.3d at 296.

**VI.    Attorney fees.**

At the conclusion of his motion, defendant prays that the Court "assess costs and attorney fees against Plaintiff,...". (D.E. 33 at 3).

Section 1988 of 42 U.S.C. provides that "[T]he Court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. Section 1988 has been interpreted to provide for the recovery of costs by a prevailing defendant when a plaintiff maintains an unfounded action in bad faith, vexatiously, wantonly, or for oppressive reasons. Holloway v. Walker, 784 F.2d 1294, 1296 (5th Cir. 1986) (citations omitted). The reasonableness of a plaintiff's claim must be assessed as of the time the suit was filed. Id.

Defendant does not argue, nor is there anything in the pleadings to suggest that plaintiff's allegations of excessive force against Warden Stridel were filed in bad faith or with malicious intent. Indeed, plaintiff's allegations against Warden Stridel were sufficient for stating a claim for purposes of § 1915A screening. Moreover, defendant did not dispute the factual basis of plaintiff's claims, but moved for dismissal on grounds of exhaustion. Thus, there are no facts to justify the award of attorney fees and costs, and it is respectfully recommended that defendant's request for such be denied.

**VII.  Recommendation.**

Plaintiff failed to exhaust his administrative remedies, and the time has run to exhaust those remedies according to CBDC procedure. Accordingly, it is respectfully recommended that defendant Warden Stridel's motion to dismiss (D.E. 33-2) be granted, that plaintiff's excessive force claim against this defendant be dismissed with prejudice, and that final judgment be entered that plaintiff take nothing on his claims. It is respectfully recommended further that plaintiff's motion for appointment of counsel (D.E. 36) be denied as moot.

Finally, it is recommended that defendant's request for attorney fees and costs (D.E. 33-1) be denied.

Respectfully submitted this 7th day of April, 2011.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).